# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **DONALDSON COMPANY, INC.,** <br> Plaintiff, <br> v. <br> **CHEMCO MANUFACTURING COMPANY, INC.,** <br> Defendant. | **Civil No. 10-1818 (JNE/JJK)** <br> **CONSENT JUDGMENT** |

WHEREAS, plaintiff Donaldson Company, Inc. ("Donaldson") has alleged that defendant Chemco Manufacturing Company, Inc. ("Chemco") infringed United States Patent Nos. 6,488,746; D499,177; and 7,264,656 (collectively, "the Asserted Patents") by virtue of Chemco's importing into the United States, offering to sell and/or selling replacement non-cylindrical filter elements for dust collection systems, including Donaldson Work Stations and Donaldson Torit Downflo® Oval Dust Collectors;

WHEREAS, the Court has been advised that the parties have consented to entry of this Judgment;

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are appropriate to settle and dispose of all disputes between Donaldson and Chemco in this action;

**IT IS ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties. Venue is proper in this District.

2. Donaldson owns the Asserted Patents and has standing to bring this action.

3. The Asserted Patents are valid and enforceable. Chemco hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the Asserted Patents. Chemco hereby irrevocably waives the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the Asserted Patents are invalid or unenforceable, regardless of the product at issue in such other proceeding. Chemco hereby irrevocably waives the right to directly or indirectly aid, assist or participate in any proceeding contesting the validity and/or enforceability of the Asserted Patents.

4. Chemco has infringed the Asserted Patents by offering for sale and/or selling the following replacement non-cylindrical filter elements for dust collection systems under the following part numbers: DO26OO144190 (see Exhibit A), DO26OO14419P, DO26OO1441FR, DO26OO1441NS, KO26OO144089, KO26OO144090, and NO26OO144190 (collectively, "the Infringing Products").

5. Chemco, its subsidiaries, officers, directors, agents, employees, successors-in-interest, and assignees (collectively, "related entities"), and those persons in active concert or participation with them who receive actual notice

hereof, are hereby permanently enjoined from making, using, offering for sale, selling, and/or importing into the United States the Infringing Products and any other product that is no more than colorably different from the Infringing Products.  Chemco shall cease immediately any activities that directly or indirectly constitute infringement of the Asserted Patents.  This injunction shall not extend beyond the date of the expiration of the Asserted Patents.

6. Within 30 days of execution of this Consent Judgment and by overnight delivery, Chemco shall provide to Amy Becker, Assistant General Counsel for Donaldson, a written declaration, verified under penalty of perjury, confirming that Chemco has complied with all terms of this Judgment, and that Chemco has ceased all offers for sale and sales of the Infringing Products.  Other than the contempt proceedings described in Paragraph 8 below, this Consent Judgment is a final resolution of any claims Donaldson has against Chemco relating to infringement of the Asserted Patents by the Infringing Products.

7. Chemco and its related entities voluntarily relinquish their rights to appeal this Judgment, or to challenge it in this Court or in any subsequent legal proceeding.

8. If Chemco, its related entities, or those persons in active concert or participation with them who receive actual notice hereof, is found by the Court to be in contempt of, or otherwise to have violated this Judgment, Donaldson, its successors-in-interest and assignees will suffer irreparable harm.  Thus, in addition to the other remedies available to Donaldson, its successors-in-interest and

assignees for contempt or violation of this Judgment, Chemco, its related entities, or those persons in active concert or participation with them who receive actual notice hereof consents to entry of a Temporary Restraining Order and a Preliminary Injunction. Donaldson, its successors-in-interest and assignees also shall be entitled, in addition to any damages caused by any contempt or violation of this Judgment, to recover its attorneys' fees, costs and other expenses incurred in enforcing this Judgment.

9. Other than as set forth in Paragraph 8 of this Consent Judgment, the parties shall each bear their own attorneys' fees, costs and expenses in this action.

10. This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 9, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**


By: *s/ Charles McMurray*　　　　　　By: *s/ James Karagianis*

　　Charles McMurray　　　　　　　　　James Karagianis
　　Senior Vice President　　　　　　　President
　　***Donaldson Company, Inc.***　　　　***Chemco Manufacturing***
　　1400 West 94th Street　　　　　　***Company, Inc.***
　　Bloomington, Minnesota 55431



**DO26OO144190 Side View**



**DO26OO144190 Top View**

**EXHIBIT A**